UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE R. SHECKLES,

Plaintiff,

v.                                          CAUSE NO. 3:25-CV-176-CCB-SJF

DANNY, et al.,

Defendants.

## OPINION AND ORDER

Jamie R. Sheckles, a prisoner without a lawyer, filed a confusing complaint for

monetary damages regarding the medical treatment he has received while incarcerated

at the Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate

medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner

must satisfy both an objective and subjective component by showing: (1) his medical

need was objectively serious; and (2) the defendant acted with deliberate indifference to

that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is

"serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Sheckles alleges that he filed a request for health care on September 22, 2024, due to shoulder pain. He did not receive a response. On October 14, 2024, he fell from his bed onto a concrete floor, injuring his shoulder. He was assessed by medical the same day. X-rays were taken on October 16, 2024. Sheckles submitted another health care request form about shoulder pain on October 18, 2024. ECF 1-1 at 2. On October 25, 2024, he reviewed the x-ray results with Dr. Kristin N. Partain. Dr. Partain told Sheckles that he had a separated AC joint in his shoulder.[1] Nurse Practitioner Ms. Danny issued an order for physical therapy. From when that order was placed until January 24, 2025, when Sheckles filed his complaint, he indicates he was seen by the physical therapist only three times. Sheckles says this is because correctional officers and medical staff are not calling him out for therapy. Sheckles does not indicate that any defendant named in this action is responsible for him not receiving therapy as ordered.

---

[1] This refers to an acromioclavicular joint injury. *See https://en.wikipedia.org/wiki/Separated_shoulder#:~:text=X%2Dray%20indicates%20a%20separated,the%20tearing%20of%20the%20AC.oulder - Wikipedia* (last visited Apr. 25, 2025).

Sheckles describes only a single interaction with Dr. Partain where she discussed the results of his x-rays. Sheckles likewise describes only a single interaction with NP Danny where she ordered physical therapy for him. The actions described in the complaint do not suggest that either Dr. Partain or NP Danny were deliberately indifferent to Sheckles' medical needs. Sheckles describes delay between when he first reported shoulder pain in September and when he was assessed on October 14, 2024, but he does not link that delay to any defendant named in his complaint. Furthermore, it cannot be plausibly inferred from the complaint that either Dr. Partain or NP Danny were responsible for his inability to attend physical therapy appointments.

Sheckles named Nurse Practitioner Kim Myers and Sgt. Ms. Parker as defendants, but he does not describe what role, if any, they played in denying him medical care. It is unclear why he has named them as defendants. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, he may not proceed against NP Myers or Sgt. Parker.

Sheckles also indicates that he has been taking KOP medications[2] for eight years. On November 9, 2024, Sheckles sought refills of one or more medication. He does not indicate what medications he sought to have renewed. Additionally, he alleges he was

---

[2] KOP medications are medications that an inmate can keep on his person and self-administer. https://correctionalnurse.net/kops-and-robbers-keep-on-person-med-tips-for-correctional-nurses/ (last visited Apr. 25, 2025).

seen by a medical provider on November 20, 2024, but he was given no medication. These allegations are far too vague to state a claim, and they are not linked to any defendant named in this lawsuit.

The complaint is short on facts, dates, and specifics about what happened and the medical treatment Sheckles received. Based on what it does say, it is not plausible to infer that he received constitutionally inadequate medical care. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Sheckles believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[3] which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Jamie R. Sheckles until **May 30, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Jamie R. Sheckles that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 30, 2025.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Pursuant to N.D. Ind. L.R. 7-6, the court requires he use the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.